KM

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sara Irene Mackey, | No.   CV-25-01232-PHX-JAT (JZB) |
| Plaintiff, | |
| v. | **ORDER** |
| Maricopa County Sheriff's Office, et al., | |
| Defendants. | |

On April 14, 2025, self-represented Plaintiff Sara Irene Mackey, who was confined in a Maricopa County Jail, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2).  The Court will dismiss this action and deny as moot the Application to Proceed.

On April 14, 2025, the Clerk of Court mailed a copy of the Notice of Assignment to Plaintiff at the jail, but the Notice of Assignment was returned to the Court as undeliverable because Plaintiff is no longer in custody.  Plaintiff has not filed a Notice of Change of Address, or in any way notified the Court of her whereabouts.

Rule 3.4 of the Local Rules of Civil Procedure requires an incarcerated litigant to comply with the instructions attached to the court-approved form.  Those instructions state: "You must immediately notify the clerk . . . in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case." (Instructions for a Prisoner Filing a Civil Rights Complaint at 2).

1      Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co.*

2  *v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978).  In this regard, it is

3  the duty of a Plaintiff who has filed a pro se action to keep the Court apprised of her current

4  address, and to comply with the Court's orders in a timely fashion.  This Court does not

5  have an affirmative obligation to locate Plaintiff.  "A party, not the district court, bears the

6  burden of keeping the court apprised of any changes in [her] mailing address." *Carey v.*

7  *King*, 856 F.2d 1439, 1441 (9th Cir. 1988).  Plaintiff's failure to keep the Court informed

8  of her new address constitutes a failure to prosecute.

9      Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the

10  Plaintiff to prosecute or to comply with these rules or any order of court, a defendant may

11  move for dismissal of an action."  In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31

12  (1962), the Supreme Court recognized that a federal district court has the inherent power

13  to dismiss a case sua sponte for failure to prosecute, even though the language of Rule

14  41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party.

15  Moreover, in appropriate circumstances, the Court may dismiss a complaint or petition for

16  failure to prosecute even without notice or hearing.  *Id.* at 633.

17      In determining whether Plaintiff's failure to prosecute warrants dismissal of the

18  case, the Court must weigh the following five factors: "(1) the public's interest in

19  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk

20  of prejudice to the [Defendants]; (4) the public policy favoring disposition of cases on their

21  merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting

22  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors

23  favor the imposition of sanctions in most cases, while the fourth factor cuts against a default

24  or dismissal sanction.  Thus the key factors are prejudice and availability of lesser

25  sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

26      Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's

27  failure to keep the Court informed of her address prevents the case from proceeding in the

28  foreseeable future.  The fourth factor, as always, weighs against dismissal.  The fifth factor

1   requires the Court to consider whether a less drastic alternative is available.  Without

2   Plaintiff's current address, however, certain alternatives are bound to be futile.  Here, as in

3   *Carey*, "[a]n order to show cause why dismissal is not warranted . . . would only find itself

4   taking a round trip tour through the United States mail."  856 F.2d at 1441.

5          The Court finds that only one less drastic sanction is realistically available.  Rule

6   41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the

7   merits "[u]nless the court in its order for dismissal otherwise specifies."  In the instant case,

8   the Court finds that a dismissal with prejudice would be unnecessarily harsh.    The

9   Complaint and this action will therefore be dismissed without prejudice pursuant to Rule

10  41(b) of the Federal Rules of Civil Procedure.

11  **IT IS ORDERED**:

12         (1)     Plaintiff's Complaint (Doc. 1) and this action are **dismissed without**

13  **prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to

14  prosecute.  The Clerk of Court must enter judgment accordingly.

15         (2)     Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **denied** as

16  moot.

17         (3)     The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3),

18  has considered whether an appeal of this decision would be taken in good faith and finds

19  Plaintiff may appeal in forma pauperis.

20         Dated this 23rd day of July, 2025.

21

22

23  _____

24                     James A. Teilborg
                  Senior United States District Judge

25

26

27

28

- 3 -